**Ralph MONTE, Plaintiff–Appellant,**

v.

**ERNST & YOUNG LLP,**
**Defendant–Appellee.**

**Docket No. 04–4857.**

United States Court of Appeals,
Second Circuit.

Sept. 7, 2005.

Tania Pagan, The Pagan Law Firm, PC (William Pagan), New York, NY, for Appellant, of counsel.

Andrew Heaton, Proskauer Rose LLP (Bettina B. Plevan, Bernard M. Plum, Avitai Gold), New York, NY, for Appellee, of counsel.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Ralph Monte appeals from an order of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*) dated August 9, 2004, granting the defendant Ernst & Young's ("E&Y") motion for summary judgment, dismissing all of Monte's claims. Monte, a former Senior Manager at E&Y's Metropark, New Jersey, office, was terminated in October 2000. Monte, who was born in 1960 of Puerto Rican and Spanish descent, claims that he was discriminated against by E&Y on the basis of his age and national origin.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), *cert. denied sub nom. City of N.Y. v. Tenenbaum,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . . and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Under the *McDonnell Douglas* burden-shifting framework, which governs Mont's claims, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff must provide facts sufficient to state a *prima facie* case of discrimination. *Id.* at 802, 93 S.Ct. 1817. If he succeeds in doing so, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for its actions. *Id.* Then the burden shifts back to the plaintiff to prove "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (internal quotation marks omitted). To

survive a motion for summary judgment, the plaintiff must do more than "contradict[ ] the employer's given reason," *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir.2000), he must submit "evidence sufficient to allow a rational factfinder to infer that the employer was actually motivated in whole or in part by ... discrimination." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir.1997), *cert. denied*, 525 U.S. 936, 119 S.Ct. 349, 142 L.Ed.2d 288 (1998).

The district court concluded, *inter alia*, that Monte "failed to present evidence sufficient to allow a rational jury to find that Defendant's stated reasons for terminating his employment were false." We agree.

■ Although Monte provided sufficient evidence to create a genuine issue of material fact with respect to whether his utilization rate was a true reason for his dismissal, Monte has failed to provide evidence sufficient to create a genuine issue as to whether the remaining non-discriminatory reasons offered by the defendant were false. Specifically, E & Y had cited Monte's level of sales and his lack of leadership skills as being substandard, and had asserted that the practice group of which Monte was a member was "top heavy," was losing significant amounts of money and required streamlining, and that Monte's salary was the highest of any Senior Manager in the group.

■ We also agree with the district court's conclusion that even if Monte provided evidence sufficient to create an issue of material fact as to whether E&Y's non-discriminatory reasons were false, E&Y would still be entitled to summary judgment because Monte "has failed to introduce evidence sufficient to support a rational inference that discrimination was a 'determinative factor' in the decision to terminate" him. Although we have held that "a plaintiff's prima facie case, com-bined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated," *Cross v. N.Y. City Transit Auth.*, 417 F.3d 241, 249 (2d Cir.2005) (internal quotation marks and citation omitted), such an inference of discriminatory intent cannot be made where "the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

With little evidence beyond the few stray remarks unrelated to the termination decision that were cited by Monte, a reasonable factfinder could not conclude that age or national origin was the real reason for Monte's termination. *See, e.g., Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir.1998). Finally, we agree with the district court that the evidence of E&Y's discriminatory intent was insufficiently direct to warrant a mixed-motive analysis. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 258, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Thus, Monte's claims of discrimination must fail.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.